1 Lora a/k/a Brianna M. Brown Stipulation Bankruptcy Case # 17-10009/JKF

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| In re: Brianna M. Lora a/k/a Brianna M. Brown, | CHAPTER 13 |
|---|---|
| Debtor. | BANKRUPTCY CASE NUMBER 17-10009/JKF |
| Nationstar Mortgage LLC, Movant, | 11 U.S.C. § 362 |
| v. | |
| Brianna M. Lora a/k/a Brianna M. Brown, Debtor, | |
| Frederick L. Reigle, Trustee, Additional Respondent. | |

## STIPULATION AND ORDER

AND NOW, in consideration of the mutual promises and agreements set forth below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed to by and between the undersigned as follows:

1. This Stipulation shall govern all post-petition payments due and owing to Movant, including those that fall due after the arrears, as set forth below, are cured.

2. The post-petition arrearages on the mortgage held by Movant on Debtor's property at 1335 West Oak Street, Norristown, PA 19401 (the "Property"), are $6,033.86. The breakdown of the arrears is as follows:

Post-Payments from March 1, 2018 to May 1, 2018 at $1,667.62 each    $5,002.86;
Bankruptcy Fees    $850.00
Bankruptcy Costs    $181.00

3. If Debtor provides proof of negotiated payments not already credited, they will receive credit for those payments.

4. Debtor shall cure the arrearages in the following manner:

(a)    Movant shall apply $1,588.16 from Debtor Suspense to the arrearage balance;

2 Lora a/k/a Brianna M. Brown Stipulation Bankruptcy Case # 17-10009/JKF

(b) The balance of the arrears, to-wit, $4,445.70, shall be cured by the Debtor in six (6) consecutive payments. Debtor shall pay the sum of $740.95 commencing on June 1, 2018 through and including November 1, 2018 until the arrears are cured, together with the regular monthly mortgage payment;

(c) Debtor shall resume making the regular monthly mortgage payments on June 1, 2018 in the amount of $1,667.62, or as same may be adjusted from time to time in accordance with Paragraph (f);

(d) If funds are not received prior to the 16th of the month, then the payment shall include all applicable late charges;

(e) All payments to Movant are to be in CERTIFIED FUNDS, MONEY ORDER, or BANK CASHIER'S CHECK with the Loan No. written on the face thereof, and shall be made directly to Attention: BANKRUPTCY DEPARTMENT, Nationstar Mortgage LLC, at P.O. Box 619094, Dallas, Texas 75261-9741;

(f) Should Debtor's regular monthly payment amount change, Debtor shall be notified of such change, and the monthly payment amount due under the terms of the Stipulation shall change accordingly;

(g) All payments made pursuant to this Stipulation and Order shall be applied first to reimburse Movant for its attorneys' fees and costs (as provided for above) in connection with this motion. All further payments will be applied to the arrears and/or monthly payments in the manner prescribed by the Mortgage and Note.

5. In the event that Debtor fails to make any of the payments set forth above, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure the default within 15 days of the notice. If the default continues to the following month, the

3 Lora a/k/a Brianna M. Brown Stipulation Bankruptcy Case # 17-10009/JKF

Debtor shall include funds to cure that month's default as well. If Debtor should fail to cure the default within 15 days, Movant may file a Certification of Default with the Court, and upon the filing of the Certification, the Court shall enter an Order granting Movant relief from the Automatic Stay.

6. In the event the instant bankruptcy case is converted to a case under Chapter 7, this shall constitute a default under the terms of this Stipulation. Debtor shall cure the pre-petition and post-petition arrears within ten (10) days from the date of conversion. Should the Debtor fail to cure the arrears within ten (10) days from the date of conversion, counsel for Movant may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the Property.

7. After Movant sends two (2) Notices of Default for Debtor's failure to remain post-petition current, then Movant may file a Certification of Default with the court instead of sending a third Notice of Default.

8. Debtor understands that should Movant be forced to provide a written Notice of Default of this Stipulation, that Debtor shall be responsible for any reasonable attorney fees of $100.00 per Notice of Default and $200.00 per Certification of Default incurred by Movant as a result of preparation of same.

**[INTENTIONTIONALLY LEFT BLANK]**

4 Lora a/k/a Brianna M. Brown Stipulation Bankruptcy Case # 17-10009/JKF

9. Debtor agrees that the Court may waive Rule 4001(a)(3), permitting Movant to immediately implement and enforce the Court's order.

The parties request that this Honorable Court approve this stipulation.

Dated: 5/8/18

Kevin S. Frankel, Esquire
Attorney for Movant

Dated: 5/8/2018

David M. Offen, Esquire
Attorney for Debtor

Dated: 5/9/18

Frederick L. Reigle
Trustee

AND NOW, this _____ day of _____, 2018, it is hereby ORDERED that the foregoing Stipulation is approved, shall be, and is made an Order of this Court.

BY THE COURT:

_____
HONORABLE JEAN K. FITZSIMON
UNITED STATES BANKRUPTCY JUDGE